UNITED STATES DISTRICT COURT
Eastern District of Texas (Sherman)

**FILED**
MAR 0 5 2018
Clerk, U.S. District Court
Texas Eastern

CRAIG CUNNINGHAM, Pro-se )
)
*Plaintiff* )
) CIVIL ACTION NO.: 4:17-CV-00882
v. )
)
Zeeto Group, LLC, Stephen Goss )

*Defendants.*

### Plaintiff's Amended Complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person with a mailing address of 3000 Custer Road, ste 270-206, Plano, Tx 75075

2. Zeeto Group, LLC is a Delaware corporation and can be served via registered agent: National Registered Agents, Inc., 160 Greentree Dr., ste 101, Dover, DE 19904 or Corporate officer Stephen Goss 440 Upas St., Apt 402 San Diego, CA 92103 or 925 B St., Floor 5, San Dieo, CA 92101

### Jurisdiction

3. Jurisdiction of this court arises as the acts happened in this county.

4. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here. Personal jurisdiction is apparent as the defendants are making calls/text messages to the state of Texas for the purpose of soliciting Texas residents.

### FACTUAL ALLEGATIONS

5. Starting on October 22nd 2017, the Plaintiff began receiving text messages that are considered calls per the 9th Circuit's ruling in Satterfield v Simon Schuster, Inc. for enforcement under the Telephone Consumer Protection Act, 47 USC 227 et seq. (TCPA)

6. These text messages appeared to be promotional type messages as part of some marketing campaign. The text messages offered gift cards for Taco Bell, lotion, Starbucks, and other consumer type goods. The messages references the website "getitfree.us", which the Plaintiff learned is associated with and owned by Zeeto Group, LLC.

7. The text messages did not appear to be related to any emergency purpose and were not with the consent of the Plaintiff. The initial text messages referenced a "Lynda", who is a person unknown to the Plaintiff. All other text messages did were not personalized and were generic in nature.

8. A total of 19 messages were sent to the Plaintiff's cell phone from SMS Short code 45894 on October 22nd, 2017 (twice), October 23rd 2017, October 24th 2017, November 2nd 2017, November 4th 2017, November 7th, 2017, November 9th 2017, November 14th 2017, November 16th 2017, November 20th 2017, November 21sst 2017, November 24th 2017, November 25th 2017, November 28th 2017, November 30th 2017, and December 1st 2017.

### The Plaintiff's Cell phone is a residential line

9. The text messages were to the Plaintiff's cellular phonne 615-212-9191, which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done

so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

### Indications of an Automated Telephone Dialing System

10. The Text messages in Exhibit A provide ample indications of them being sent via an automated telephone dialing system. First and foremost, the message were not sent from a 10 digit phone number, but rather a 5 digit "short code" of "45894."[1]

11. Short codes are highly indicative that the message was sent by a high volume, bulk automated telephone dialing system as short codes are *"ideal for sending high-volume messages in the business to consumer enviornment. With long numbers, you're only able to send 1 message per second, but short codes can send large numbers of bulk SMS messages at a consistent rate with mugh higher throughput"*[2] Another short code vendor describes short codes as *"Short codes: Mass blasts"* and *"Long codes: Personalized communication"*[3] Another text vendor describes the use case for Short codes vs traditional 10 digit numbers as *"Short codes support high-volume messaging and can reach many different users at once"*[4] Another vendor describes the difference between long and short codes as: *"The key distinction between the two is that long codes are intended as a person-to-person communication tool, whereas short codes allow for the bulk*

---

[1] See Exhibit A generally
[2] https://www.clickatell.com/products/sms/short-codes/ Exhibit C
[3] https://textus.com/short-code-texting-vs-long-code-texting/ Exhibit F
[4] https://www.nexmo.com/blog/2015/02/25/u-s-sms-long-codes-vs-short-codes-what-is-best-for-my-use-case/ Exhibit D

*messaging that is typical of marketing and emergency notification campaigns. A business can receive text messages to their long code, but <u>a high volume of SMS to or from a single phone number may trigger carriers' spam filters and blacklist your long code.</u>"*[5]

12. This indicates that just by the presence of a short code on a text message, that the message was sent by a system designed to send a large volume of messages, faster than 1 message per second, and for impersonal communication designed to bypass a phone carrier's spam filters. The Plaintiff notes that it is well beyond the physical capabilities of a human to send text messages at even 1 per second, and short codes send messages significantly faster than that.

13. The Defendant's own website creates the presumption that they use automated telephone dialing systems as well to send mass text messages, which is consistent with the use of a short code to send the messages[6] Under the privacy policy and section titled "Mobile Terms and Conditions" it states: *"When you register with us or use the site, you may provide us with your mobile telephone number for the specific purpose of being contacted via telephone calls or text (SMS) messages. When providing us with your mobile number and checking the box to sign up for text messag updates and offers, you are providing us with your consent to receive automated phone calls or text messages from or on behalf of Get it Free, some of which may be conducted via an automated dialing system."*

14. If the defendant never intended to send text messages from an automated telephone dialing system, why would they need to seek permission to do so?

---

[5] https://www.callfire.com/help/glossary/communications/long-code Exhibit E
[6] https://getitfree.us/privacy/ and see Exhibit B

Seeking permission to do something you are later accused of doing certainly creates the presumption that the acts complained of actually happened.

15. Furthermore, the email from Elizabeth Chu from the Getitfree.com legal department demonstrates that the text messages were sent via an automated telephone dialing system.

16. Under the field "Prompt disclosures", the email text message contains the exact same message tha the Plaintiff recieved on October 22nd, 2017: *"Congrats! getitfree has your free samples & giveaways. Http://getitfree.us/welcome Reply HELP for help, STOP to opt out. 1msg/day, msg&data rates may apply."* The only difference is it says 3 messages per day instead of 1.[7] This indicates again that this is a generic, automated text message being sent to the Plaintiff by a computer through an automated telephone dialing system.

17. Furthermore, the data sheet included with the email lists additional information that suggests the texts were from an automated telephone dialing system. The *"system fields"* lists a lead ID and campaign, indicating the text messages were part of a large volume text blast to the Plaintiff part of thousands or tens of thousands of consumers. The *"Campaign fields"* also suggest that the text messages were part of a large volume texting campaign to consumers. This suggests further that the texts were part of an automated telephone dialing campain.

18. Elizabeth Chu even states *"While your phone number is in our system..."*, which again indicates that there is an automated telephone dialing system involved.

19. Additional evidence and investigation also indicates the Defendants used an

---

[7]See Exhibit G

automated telephone dialing system to send the text messages in the very messages themselves. For example, on October 23, 2017, the Plaintiff received two identical, word-for-word messages sent of a generic nature at 16:24 and 20:08 stating: *"Enter to win a BIG home goods package, kitchen sets, tools, sporting goods, & more. You also get a FREE cooking Ebook!"*

20. Each and every message above was initiated using an automated telephone dialing system, based on the above evidence from the text messages, websites, SMS Short code, messages, and Elizabeth Chu's email, and the attachments to the email from Elizabeth Chu. Obviously, the system referenced in Elizabeth Chu's email *"stored"* the Plaintiff's cell phone as the Plaintiff's phone number 615-212-9191 is plainly visible in the document, and it has the capacity to *"dial"* the Plaintiff's cell phone as the 19 text messages demonstrate.

21. These calls violated the Telephone Consumer protection act, 47 USC 227 (b) by their automated nature and entitle the Plaintiff to $1500 per call in damages.

22. The calls violated the TCPA due to the defendant's failure to maintain a Do not call list, failure to train the agents on the use of a do not call list, and failure to identify the party placing the call by including the name, address and telephone number at which the entity placing the calls may be contacted, pursuant to 47 USC 227 (c)(5) as codified by the FCC's 47 CFR 64.1200(d)(4).

23. These are a separate category of violations entitling the Plaintiff to an additional $1500 per call. In total, the Plaintiff is entitled to recover $3000 per call.

**INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE CALLS**

24. Defendant's text messages harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

25. Defendant's text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

26. Defendant's text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

27. Defendant's text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

28. The proximate cause of the following injuries are related to the text messages initiated by the Defendants in this case, as illustrated in Exhibit A.

29. The Plaintiff has been harmed, injured, and damages by the text messages including, but not limited to:

- Reduced Device Storage space
- Reduced data plan usage
- Invasion of privacy
- Lost time tending to text messages
- Decreased cell phone battery life
- More freqent charging of my cell phone resulting in reduced enjoyment and usage of my cell phone
- Reduced battery usage
- Annoyance
- Frustruation
- Anger

## CAUSES OF ACTION:

### COUNT I

**Violations of the Telephone Consumer Protection Act (TCPA)**

30. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

31. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited automated calls to the Plaintiff's cell phone. These calls violated the TCPA, 47 USC 227(c)(5) as they failed to maintain a do not call list and train their agents on the use of it.

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

32. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

33. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without an emergency purpose to the Plaintiff's phone. These calls violated 47 USC 227(b)

## COUNT III

### Commonlaw Invasion of privacy

34. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

35. The foregoing actions by the Defendants constitute multiple breaches of the the Plaintiff's right to be left alone and an invasion of privacy

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $3000 for each phone call/text message and

C. Actual damages of $3,000 per text message

D. Pre-judgment interest from the date of the phone calls.

E. Attorney's fees for bringing this action as incurred; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

Respectfully submitted, March 5th 2018

Craig Cunningham

Plaintiff, Pro-se

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211, 615-348-1977

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded by first class mail [or, delivered in person] to each attorney/party of record on this date: 3/5/2018 .

_____
Signature of Party

*Print Name/Address:*

Craig Cunningham

3000 Custer Rd Ste 270-206

Plano, TX 75075